NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FEB 10 2021

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

|  |  |
|---|---|
| CELIA SARID QUINTANILLA-DIAZ, | No.    19-70530 |
| Petitioner, | Agency No. A088-356-349 |
| v. |  |
| ROBERT M. WILKINSON, Acting Attorney General, | MEMORANDUM[*] |
| Respondent. |  |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted February 3, 2021[**]
San Francisco, California

Before:  THOMAS, Chief Judge, and IKUTA and NGUYEN, Circuit Judges.
Partial Dissent by Judge IKUTA

Celia Sarid Quintanilla-Diaz, a native and citizen of El Salvador, applied for

withholding of removal and protection under the Convention Against Torture

("CAT").  The Board of Immigration Appeals ("BIA") upheld the immigration

judge's ("IJ") denial of withholding and CAT protection.  Quintanilla-Diaz

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

petitions for review. We have jurisdiction under 8 U.S.C. § 1252(a) and we grant in part and deny in part.

1. Quintanilla-Diaz argues that the BIA erred in holding that her proffered particular social groups "women who are victims of domestic violence" and "female victims of gender-based violence" are impermissibly circular.[1] We review legal questions de novo. *Arrey v. Barr*, 916 F.3d 1149, 1157 (9th Cir. 2019). "[T]he conclusion that a proposed social group is impermissibly circular may not be reached summarily merely because the proposed group mentions harm." *Diaz-Reynoso v. Barr*, 968 F.3d 1070, 1086 (9th Cir. 2020). Instead, the BIA must conduct a "'rigorous analysis,'" *id.* at 1079 (quoting *Matter of A-B-*, 27 I&N Dec. 316, 340 (A.G. 2018)), and consider on a case-by-case basis "whether [the] group is cognizable if it is defined without reference to the fact of persecution," *id.* at 1080. The BIA's analysis here suffers from the same flaw as the BIA decision in *Diaz-Reynoso*. In two short sentences and citing *Matter of A-B-*, the BIA summarily found Quintanilla-Diaz's proffered social groups not cognizable because they do not "exist independently of the harm asserted in an

---

[1] To the extent Quintanilla-Diaz argues that she is a member of a particular social group other than "women who are victims of domestic violence" or "female victims of gender-based violence"—the two groups analyzed by the BIA—she has waived that argument. *Abebe v. Mukasey*, 554 F.3d 1203, 1208 (9th Cir. 2009) ("Petitioner will . . . be deemed to have exhausted only those issues he raised and argued in his brief before the BIA.").

2

application for asylum or withholding of removal." Therefore, we grant the petition as to the withholding claim and remand so the BIA can determine in the first instance whether Quintanilla-Diaz's proposed social groups are cognizable without reference to persecution. *See Diaz-Reynoso*, 968 F.3d at 1080, 1088.

2. Substantial evidence supports the BIA's determination that Quintanilla-Diaz did not show that it was more likely than not that she would be tortured with government acquiescence. While country conditions evidence demonstrates widespread gang criminal activity, police ineffectiveness, and extreme violence against women, the record does not compel the conclusion that the Salvadoran government acquiesces in domestic or gang violence because there is not significant record evidence that it acts in concert with abusers or gangs or turns a blind eye to their activities. *See Andrade-Garcia v. Lynch*, 828 F.3d 829, 836 (9th Cir. 2016) ("We have reversed agency determinations that future torture is not likely only when the agency failed to take into account *significant evidence* establishing government complicity in the criminal activity.") (emphasis added). The petition is therefore denied as to the claim for CAT relief.

**GRANTED in part and DENIED in part.**

3

*Quintanilla-Diaz v. Wilkinson*, No. 19-70530
IKUTA, Circuit Judge, dissenting in part:

I disagree with the panel majority's decision to remand this case to the BIA

so that the BIA can provide a more detailed analysis concerning whether

Quintanilla-Diaz's claimed particular social group is cognizable under the

definition of "refugee." *See* 8 U.S.C. § 1101(a)(42).

An applicant for relief from removal must establish that the claimed

particular social group is "(1) composed of members who share a common

immutable characteristic, (2) defined with particularity, and (3) socially distinct

within the society in question." *Reyes v. Lynch*, 842 F.3d 1125, 1131 (9th Cir.

2016) (quoting *Matter of M–E–V–G–*, 26 I. & N. Dec. 227, 237 (BIA 2014)).

"[T]he focus of the particularity requirement is whether the group is discrete," *id.*

(citation omitted), meaning that it has "clear boundaries and that its characteristics

have commonly accepted definitions," *id.* at 1135. The BIA must take a case-by-

case approach to such a claim, and apply the standards articulated in BIA

decisions. *See Diaz-Reynoso v. Barr*, 968 F.3d 1070, 1080 (9th Cir. 2020).

In acknowledging the BIA must take an individualized approach to this

issue, we recently recognized that the mere "mention of feared persecution" does

not categorically disqualify an "otherwise cognizable social group." *Id.* at

1084–85. Nevertheless, "a particular social group must exist independently of the

harm asserted," *id.* at 1080, and "a group may be deemed impermissibly circular if, after conducting the proper case-by-case analysis, the BIA determines that the group is defined exclusively by the fact that its members have been subjected to harm," *id.* at 1086 (cleaned up).

Here, the BIA held that Quintanilla-Diaz's claimed particular social groups of "female victims of gender-based violence" and "women who are victims of domestic violence" are not cognizable because they do not exist independently of the harm asserted and therefore are impermissibly circular. This conclusion is consistent with BIA precedent and our precedent. Unlike in *Diaz-Reynoso*, 968 F.3d at 1087, the BIA here did not hold that Quintanilla-Diaz's claimed particular social groups were not cognizable merely because the proposed groups mention harm. Rather, the BIA considered Quintanilla-Diaz's claimed groups and correctly determined that they do not exist independently of the harm asserted. Without reference to domestic violence or gender-based violence (the harm asserted), the proposed groups consist of all women, which is too amorphous and general to meet the particularity requirement.

Nothing in *Diaz-Reynoso* or BIA precedents imposes a duty on the BIA to make an express ruling on whether the petitioner has carried its burden of proof as to each of the three prongs of the particular social group analysis. But even if there

2

were such a requirement, any failure to make such a ruling was harmless here. Quintanilla-Diaz had the burden of proving that she suffered past persecution or has a well-founded fear of future persecution on account of membership in a cognizable particular social group, *Ali v. Holder*, 637 F.3d 1025, 1029 (9th Cir. 2011), yet she provided no evidence whatsoever of particularity or social distinction as to her claimed groups. Accordingly, I concur with the majority's disposition of Quintanilla-Diaz's CAT claim, and I otherwise dissent.